## KING'S COUNTY (N. Y.) SESSIONS.

### APRIL TERM, 1824.

> *The People*
> v.
> *George Thurston.*   } NUISANCE.

*Clark*, Esq., District Attorney, Counsel for the people.

*Greenwood* and *Dikeman*, Esqs., Counsel for the Defendant.

This was an indictment for keeping a disorderly house and tavern.

It appeared the prisoner and one Allen kept the tavern in partnership; had a sign, with their joint names over the door, and that they dissolved partnership in May, 1823; that previous to the dissolution, playing with cards and dice had been allowed in the tavern, and dances had been held there until a late hour at night.

Mr. *Greenwood*, counsel for the defendant, moved the

court to direct an acquittal, on the ground that the indictment was not sustained. The indictment charged the defendant with keeping and maintaining a disorderly inn or tavern, and by the evidence, it appeared, that it was kept by Thurston and Allen, who were copartners.

He contended, that where the offence consisted of an act of which the defendants might be guilty, jointly and severally, as where several were engaged in an assult, or in a felony, there it was proper to indict separately, but where it consisted necessarily of a joint act as here, where both had been engaged in keeping the tavern, then they should be joined : they might plead severally, &c.

*Dikeman* on the same side.

Mr. *Clark*, District Attorney, in reply, said, there could be no partnership in crime. Defendants are liable severally, unless in cases where it necessarily takes more than one to commit the offence. The jury can judge of the degree of criminality attached to the parties charged.

*Lefferts*, *J.* expressed his opinion that the indictment would lie, and that they might be severally charged. And, therefore, the indictment charging the prisoner with keeping a disorderly house, was sustained, by proving it was kept by him and another.

Note.—The defendant might have been indicted jointly or severally, at the option of the prosecutor. Where a number of defendants are charged in one indictment with keeping a disorderly house, the word severally must be introduced in the indictment, or it will be defective. 2 Hale, 174. Chitty's C. L. vol. 1. p. 228.

Each individual is, in all cases, responsible only for his own criminal actions or omissions, the result whether the defendant be indicted alone or with others, will be

KING'S COUNTY, April, 1824.

The People v. Thurston.

similar, and no inconvenience can arise to the defendants from being jointly indicted; for if on the trial, the evidence affects them differently, the judge, in his discretion, will select such parts of it as are applicable to each, and leave their cases separately to the jury, in order that each individual may have an impartial trial, unprejudiced by the case of his associates. Ibid. 3 T. R. 106. 8 East, 46.

Where the act is such as several may join in, all the offenders may be and generally are joined in the same indictment. Thus, though torts are in their nature several, and each must answer for his own individual crime; yet where several keep a common gaming or other disorderly house, or are guilty of deer stealing, maintenance, extortion, or other offences, which admit of the agency of several, they may be either jointly or severally indicted. 2 Hale, 173. 10 Mod. 335, 6. 1 Vent.302. 1 Salk. 382. Chitty's C. L. vol. I. p. 220. But several cannot be joined in perjury. 3 T. R. 103. 2 Stra. 921. 2 Burr. 983. Nor on a charge of being common scolds or barrators. 2 Stra. 921.